Michael Millen, Esq.
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-2777
Fax: (408) 866-7480
email: MikeMillen@aol.com

Attorney for Plaintiff
Iasmine Abdennabi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IASMINE ABDENNABI,<br><br>Plaintiff,<br><br>v.<br><br>STEVE GORDON in his capacity as DIRECTOR of the CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,<br><br>Defendant. | NO.: 26-12497<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**(42 U.S.C § 1983)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her undersigned attorney, brings this Complaint against Defendant Steve Gordon in his capacity as the Director of the California Department of Motor Vehicles.

1. This is a First Amendment action challenging the California Department of Motor Vehicles' refusal to allow Plaintiff the personalized license-plate configuration "RVRTSEA".

2. The DMV denied the plate under California Code of Regulations, title 13, § 206.02(c)(4)(D), reasoning that "RVRTSEA" "can and does connote and/or refer to 'genocide[] or creates a risk of inciting violence.'"

3. The DMV's decision is unconstitutional for multiple, independent reasons.

**JURISDICTION AND VENUE**

4. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5. Plaintiff Iasmine Abdennabi is a natural person who resides in Contra Costa County, California and would like to have a specialty license plate on her car expressing her view regarding the ongoing conflict in the Middle East.

6. The State of California is one of the states of the United States of America and has as one of its constituent parts a Department of Motor Vehicles.

7. Defendant Steve Gordon is the Director of the California Department of Motor Vehicles ("Department") and is sued in his official capacity.

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

9. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Defendant Steve Gordon is sued solely in his official capacity for prospective declaratory and injunctive relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in Contra Costa County. Plaintiff maintains and operates the vehicle bearing the challenged license plates in Contra Costa County, regularly communicates her protected message through those plates in that County, and received DMV's cancellation notice here. The challenged cancellation directly restricts Plaintiff's continued expression in this District, where compelled surrender or removal of the plates would deprive her of that means of communicating her message.

## INTRODUCTION

12. Motor vehicles registered in the State of California generally need to bear license plates issued by the California Department of Motor Vehicles ("DMV"). When vehicle owners request license plates from the DMV, the DMV typically gives owners a choice of license plate: they can either request standard license plates or they can pay extra and request personalized "environmental" license plates ("personalized plate") which bear some sort of message that the vehicle owner would like to express. The DMV advertises the availability of personalized plates through a number of means, including its official website. For example, at its official public

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

website at https://www.dmv.ca.gov/portal/vehicle-registration/license-plates-decals-and-placards/how-to-obtain-personalized-and-special-interest-license-plates/, the DMV states that "Special interest license plates have a special graphic design . . . available with configurations of numbers, letters, or both, which have been personally chosen by the applicant (personalized) . . . ."

13. Pursuant to California Code of Regulations, title 13, § 206.02, subdivision (c)(4), the DMV is required to "refuse any configuration that would be misleading, or the following:"

(A) The configuration has a sexual or scatological meaning.

(B) The configuration is an expletive or term considered profane or obscene.

(C) The configuration has conveys any kind of message related to the following characteristics of a group of people: race, ethnic or national origin, color, religion, disability, sexual orientation, or gender identity.

(D) The configuration contains fighting words, or refers to illegal or violent acts, including, but not limited to criminal gang affiliation or activity, weapons, genocide, or creates a risk of inciting violence.

(E) The configuration misrepresents an association with government or a law enforcement through any combination of letters or numbers which indicate an affiliation to an agency or to an office or position, including, but not limited to an elected office, employment as a police officer, firefighter, emergency medical technician, paramedic or first responder.

(F) The configuration is a non-English or slang word or term or is a phonetic spelling or mirror image of a word or term falling into the categories described in subsections (A) through (E) above.

**FACTS**

14. On December 15, 2023, Plaintiff applied to the DMV for a personalized environmental license plate with the configuration "RVRTSEA" ("plate configuration").

15. Plaintiff's goal in applying for this plate configuration was to communicate an individualized expressive message to persons viewing her vehicle. In particular, Plaintiff intended

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

the configuration as political expression and did not intend "RVRTSEA" as an instruction to commit genocide. Further, Plaintiff did not intend the configuration as a threat against Jews, Israelis, Palestinians, or any other person or group, did not intend the configuration to cause imminent unlawful activity, and did not intend to communicate that any person should be killed, expelled, injured, or subjected to violence. Rather, Plaintiff's intended message is support for equal civil and political rights for all persons living between the Jordan River and Mediterranean Sea.

16. On May 22, 2024, the DMV issued the requested plate configuration to Plaintiff.

17. On October 23, 2025, via a letter sent to Plaintiff, the Department ordered the cancellation and return of the plate configuration on the ground that the plate configuration carried connotations offensive to good taste and decency in that the configuration can be read as "river to sea" and interpreted as racially or ethnically degrading and negative to a specific group.

18. Plaintiff timely appealed the cancellation and the DMV referred the matter to the California Office of Administrative Hearings for a hearing before an administrative law judge on May 13, 2026.

19. On July 8, 2026, the DMV served upon Plaintiff the administrative law judge's proposed decision. As part of that decision, the Administrative Law Judge made the following findings:

> [T]he plate configuration can and does connote and/or refer to "genocide[] or creates a risk of inciting violence," which is a violation of California Code of Regulations, title 13, section 206.02, subdivision (c)(4)(D).
> . . .
> Because the plate configuration violates California Code of Regulations, title 13, section 206.02, subdivision (c)(4), and otherwise carries "connotations offensive to good taste and decency," respondent was within its authority to recall the plate configuration pursuant to Vehicle Code section 5015 [sic], subdivision (b).
> …
> The cancellation and recall of environmental license plate configuration "RVRTSEA" by respondent Department of Motor Vehicles is affirmed.

20. That same day (July 8, 2026), the DMV informed plaintiff by transmittal letter to "[p]lease note that the filing and service of the Proposed Decision is not an adoption of the decision

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

by the Director of Motor Vehicles. You will be notified in writing when the Proposed Decision is adopted or not adopted by the Director."

21. On August 17, 2026, the DMV served plaintiff with its final decision in the matter, a true and correct copy of which is attached hereto as Exhibit A. In its decision, DMV Director Steve Gordon stated that "The Proposed Decision of the Administrative Law Judge, a copy of which is herewith served upon you . . . , is hereby adopted in its entirety by the Director of The Department of Motor Vehicles of the State of California as the Decision in the above matter . . . ." By its own terms, that decision took effect on September 16, 2026.

22. Because the DMV has decided to recall Plaintiff's plate configuration, she is subject to a surrender demand and/or physical seizure of the license plate at any time.

23. Absent a temporary restraining order, preliminary injunction and permanent injunction, enforcement of DMV's cancellation decision, whether through compelled surrender or physical seizure of Plaintiff's license plates, will prevent Plaintiff from continuing to display her protected message on her vehicle and cause immediate and irreparable injury: "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

## FIRST CLAIM FOR RELIEF

### *42 U.S.C. § 1983 — First and Fourteenth Amendments*

### *(Facial and As-Applied Challenges)*

24. Plaintiff incorporates paragraphs 1 through 23 as if set forth in full herein.

25. The First Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, prohibits government officials from abridging freedom of speech. Defendant, acting under color of state law, has violated and continues to violate Plaintiff's rights secured by the First Amendment.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

26. Personalized license plate configurations constitute private expression protected by the First Amendment. *Ogilvie v. Gordon*, 540 F. Supp. 3d 920, 925–29 (N.D. Cal. 2020). Even in a nonpublic forum, restrictions on private expression must be reasonable and viewpoint neutral.

*Facial Unconstitutionality of Vehicle Code § 5105*

27. California Vehicle Code § 5105(a) authorizes the DMV to refuse to issue personalized license plate configurations that "may carry connotations offensive to good taste and decency." § 5105(b) similarly authorizes the DMV to cancel and recall previously issued personalized license plates when the DMV determines that their configurations carry such connotations. Plaintiff facially challenges these provisions to the extent they authorize the DMV to restrict protected expression on that basis.

28. The challenged statutory provisions discriminate on the basis of viewpoint because they authorize the DMV to suppress private expression based on whether government officials consider its message or connotations offensive. Such discrimination violates the First Amendment even in a nonpublic forum. *Matal v. Tam*, 582 U.S. 218 (2017); *Iancu v. Brunetti*, 588 U.S. 388 (2019); *Ogilvie v. Gordon*, 540 F. Supp. 3d 920, 927–29 (N.D. Cal. 2020).

29. Independently, the challenged statutory provisions fail to establish objective, workable standards governing the DMV's exercise of discretion. The determination whether a configuration carries connotations "offensive to good taste and decency" necessarily depends upon subjective judgments concerning the meaning and acceptability of expression. The resulting discretion permits arbitrary and discriminatory enforcement and constitutes an unreasonable restriction on protected speech. *Minnesota Voters Alliance v. Mansky*, 585 U.S. 1 (2018); *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750 (1988).

30. Plaintiff seeks a declaration that the "offensive to good taste and decency" restrictions in Vehicle Code § 5105(a) and (b) violate the First Amendment, together with prospective relief prohibiting their enforcement. Plaintiff does not challenge the remaining provisions of § 5105 governing misleading or duplicative configurations or the administrative procedures for issuance and recall.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

*Facial Unconstitutionality of California Code of Regulations, title 13, § 206.02(c)(4)(D)*

31. California Code of Regulations, title 13, § 206.02(c)(4)(D) prohibits personalized license plate configurations that refer to illegal or violent acts, including genocide, or create a risk of inciting violence.

32. The regulation is facially overbroad insofar as it prohibits protected expression merely because that expression refers to unlawful or violent conduct, without distinguishing advocacy, commentary, criticism, historical references, or political expression from constitutionally unprotected speech.

33. The regulation's prohibition against configurations that create a "risk of inciting violence" is likewise overbroad. It extends beyond speech directed to inciting or producing imminent lawless action and likely to incite or produce such action, as described in *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969).

34. The regulation is also unconstitutionally vague because it fails to provide reasonably ascertainable standards for determining when a configuration “refers to” violent acts or “creates a risk of inciting violence.” It thereby permits arbitrary and discriminatory enforcement and chills constitutionally protected expression. The absence of objective, workable standards also confers unbridled discretion upon DMV officials to suppress protected expression based on subjective interpretations of its meaning or perceived consequences.

35. The challenged provisions further confer excessive discretion upon DMV officials to determine the meaning and acceptability of private expression, permitting censorship based on officials' subjective interpretations of controversial political messages.

36. These restrictions are not reasonable, viewpoint-neutral limitations on the use of a nonpublic forum insofar as they authorize the suppression of protected expression based on subjective assessments of its meaning, offensiveness, or perceived political implications.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

*Unconstitutionality as Applied to Plaintiff*

37. Independently of the facial constitutional defects alleged above, Defendant's cancellation and recall of Plaintiff's personalized license plate configuration "RVRTSEA" violates the First Amendment.

38. Plaintiff’s configuration constitutes protected political expression. It is not fighting words, a true threat, or incitement to imminent lawless action.

39. The DMV nevertheless determined that Plaintiff's configuration could connote or refer to genocide or create a risk of inciting violence. That determination rests upon an interpretation of Plaintiff's expression that Plaintiff disputes and, in any event, does not establish that Plaintiff engaged in constitutionally unprotected speech.

40. To the extent Defendant's determination rests upon the possibility that persons encountering Plaintiff's configuration might react with hostility or violence, it improperly subjects Plaintiff's protected expression to a "heckler's veto." The anticipated misconduct of persons offended by Plaintiff's perceived message does not transform Plaintiff's expression into incitement or otherwise unprotected speech. Speculative fears of hostile audience reactions, without a substantial factual basis establishing genuine safety concerns, do not justify suppressing Plaintiff's expression on the basis of its perceived viewpoint. *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 134–35 (1992); *Seattle Mideast Awareness Campaign v. King County*, 781 F.3d 489, 501–03 (9th Cir. 2015).

41. Defendant’s suppression of Plaintiff's expression based upon its perceived political meaning constitutes unconstitutional viewpoint discrimination. Alternatively, even if characterized as a viewpoint-neutral restriction on subject matter, its application to Plaintiff's expression is unreasonable and violates the First Amendment.

42. The DMV's cancellation and recall of Plaintiff's configuration has deprived Plaintiff of the ability to continue displaying her chosen political expression and has caused, and continues to threaten, irreparable injury to her First Amendment rights.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

43. Defendant, in his official capacity as Director of the DMV, is responsible for implementing and enforcing the challenged statutory and regulatory provisions, including the cancellation and recall of Plaintiff's license plate.

44. Plaintiff is therefore entitled to declaratory and prospective injunctive relief under 42 U.S.C. § 1983, declaring the challenged statutory and regulatory restrictions unconstitutional to the extent alleged herein and prohibiting Defendant from enforcing them in violation of the First Amendment. Alternatively, Plaintiff is entitled to relief declaring the cancellation and recall of "RVRTSEA" unconstitutional as applied and enjoining Defendant from enforcing that determination against Plaintiff.

**WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS:**

A. A declaration that Defendant's denial of Plaintiff's personalized license-plate configuration “RVRTSEA” violates the First and Fourteenth Amendments;

B. A declaration that the DMV's interpretation of “RVRTSEA” as communicating or advocating genocide does not provide a constitutionally sufficient basis for denying Plaintiff's application or recalling the plate configuration;

C. A declaration, in the alternative, that even assuming the configuration bears the meaning attributed to it by the DMV, that meaning does not constitute unprotected incitement absent the intent, imminence, and likelihood required by *Brandenburg v. Ohio*;

D. A declaration that the “offensive to good taste and decency” restrictions in Vehicle Code § 5105(a) and (b) violate the First Amendment.

E. A declaration that § 206.02(c)(4)(D) is facially unconstitutional to the extent it prohibits configurations merely because they “refer[] to illegal or violent acts” or “create[] a risk of inciting violence” beyond constitutionally recognized categories of unprotected speech;

F. A declaration that California Code of Regulations, title 13, § 206.02(c)(4)(D) is unconstitutional as applied to Plaintiff;

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

G. A temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendant Steve Gordon, in his official capacity, together with his officers, employees, agents, successors, and persons acting in concert with him, from recalling or denying Plaintiff's plate configuration of “RVRTSEA” under the challenged portions of section 206.02(c)(4)(D) and further directing that the plate configuration be deemed lawful and valid.

H. Ordering Defendant Steve Gordon to approve and issue the configuration “RVRTSEA” subject to Plaintiff's compliance with otherwise-applicable content-neutral administrative requirements;

I . Awarding Plaintiff nominal damages;

J. Awarding Plaintiff reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988;

K. Awarding Plaintiff taxable costs pursuant to 28 U.S.C. § 1920 and other applicable law;

L. Retaining jurisdiction as necessary to enforce the judgment; and

M. Granting such other relief as the Court considers just and proper.

Dated: 10/26/2026

By:______________________________
MICHAEL MILLEN, ESQ.
Attorney for Plaintiff

**STATEMENT OF AI USAGE**

Generative artificial intelligence was used in preparation of this document.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

**JURY DEMAND**

Plaintiff hereby requests a jury trial in this matter.

Dated: October 26, 2026

By:____________________________
MICHAEL MILLEN, ESQ.
Attorney for Plaintiff

**STATEMENT OF AI USAGE**

Generative artificial intelligence was used in preparation of this document.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-2777

## DECLARATION OF SERVICE

Case Name :
Case No. : DMV NO.: 26-00265 / OAH NO.: 2026040827
Court : OFFICE OF ADMINSTRATIVE HEARINGS

I declare:

I am employed in the County of Sacramento. My business address is 2415 First Avenue, Sacramento, CA 95818. I am over the age of 18 years and not a party to the within entitled case.

On **August 17, 2026**, I served the following:

***DECISION; PROPOSED DECISION; STATEMENT TO RESPONDENT RE APPEALS***

Addressed as follows:

Iasmine Abdennabi
[redacted] CA [redacted]

*EMAIL:* [redacted]

By the following method:

☒ **US MAIL:** By placing the true copies thereof enclosed in a sealed envelope marked certified mail with return receipt requested as well as First-Class Mail. I am familiar with the business practice at the Department of Motor Vehicles for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Department of Motor Vehicles is deposited with the United States Postal Service that same day in the ordinary course of business.

☒ **E-MAIL:** By causing a true copy of the above described document in pdf form to be e-mailed to the e-mail address/es listed above. **Opposing party has agreed to be served by email.**

☐ **OTHER SERVICE:** I caused such envelope(s) to be delivered to the office of the addressee(s) listed above by:
☐ Golden State Overnight

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at Sacramento, California on **August 17, 2026**.

Julia Gillespie

JULIA GILLESPIE
Analyst I

DEPARTMENT OF MOTOR VEHICLES

STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Accusation/Statement of Issues Against:<br><br>Iasmine Abdennabi (RVRTSEA)<br><br>Respondent. | CASE NO. 26-00265<br><br>OAH NO. 2026040827<br><br>**Decision** |

The Proposed Decision of the Administrative Law Judge, a copy of which is herewith served upon you and which has heretofore been filed as a public record as provided in Government Code section 11517, subdivision (c)(1), is hereby adopted in its entirety by the Director of The Department of Motor Vehicles of the State of California as the Decision in the above matter, pursuant to Government Code section 11517, subdivision (c)(2)(A).

This Decision shall become effective 9/16/2026.

DATED: 8/17/2026

STEVE GORDON
Director



02

# BEFORE THE
# DEPARTMENT OF MOTOR VEHICLES
# STATE OF CALIFORNIA

## In the Matter of the Appeal of the Order Canceling Environmental License Plate of:

## IASMINE ABDENNABI, Appellant.

## Agency Case No. 26-00265

## OAH No. 2026040827

### PROPOSED DECISION

Administrative Law Judge Mario M. Choi, State of California, Office of Administrative Hearings, heard this matter on May 13, 2026, by videoconference.

Appellant Iasmine Abdennabi represented herself.

Attorney III Alex Grotewohl represented respondent Department of Motor Vehicles.

The record closed and the matter was submitted for decision on May 13, 2026.

### FACTUAL FINDINGS

1. On December 15, 2023, appellant Iasmine Abdennabi applied for environmental license plate configuration "RVRTSEA" (plate configuration).

2. On May 22, 2024, respondent Department of Motor Vehicles (Department) issued the plate configuration to appellant.

3. On October 23, 2025, the Department ordered the cancellation and return of the plate configuration on the ground that the plate configuration carried connotations offensive to good taste and decency in that the configuration can be read as "river to sea" and interpreted as racially or ethnically degrading and negative to a specific group.

4. Appellant timely appealed and requested a hearing.

5. On behalf of respondent, Edward D. Swenson, in his official capacity as Chief Deputy Director of the Department, issued the operative pleading entitled "Appeal of Order Canceling Environmental License Plate." Respondent seeks to deny appellant's appeal and to affirm the Department's cancellation of the plate configuration. This hearing followed.

## Department's Evidence

6. Adam Holden testified about his plate configuration complaint to the Department. He was driving behind appellant's vehicle when he saw the plate configuration. He interpreted the plate configuration to mean "[f]rom river to sea," an antisemitic call to violence and promoting the destruction of Israel. He asked others about their interpretation of the plate configuration, and they also interpreted the plate configuration similarly. Holden was angry, upset, and offended by the plate configuration.

Because he was unable to find information on the Department's website about how to make a complaint, Holden testified that he found and sent a message to a Department official through LinkedIn, writing:

> I was shocked that [the Department] would have issued this [plate configuration] as this clearly goes against the [Department's] policy for refused configurations, "The configuration is a vulgar term or a term of prejudice or hostility." This advocates for the extermination of the State of Israel and all Jewish people. It supports terrorism and encourages violence.

7. Josh Simmons encountered the plate configuration in San Francisco and urged the Department to recall the license plate. Declaring that he felt "fear, anxiety, and a clear sense of being personally targeted," Simmons explained that:

> "From the river to the sea" refers to the territory between the Jordan River and the Mediterranean Sea, the entirety of present-day Israel. Since the October 7, 2023 Hamas attacks, the deadliest day for Jews since the Holocaust, this slogan has become widely understood as a call for the elimination of the State of Israel, and by extension, the roughly seven million Jews who live there. The Anti-Defamation League, the United States House of Representatives in H. Res. 883 (2023), and Jewish institutions across the political spectrum have identified the slogan as eliminationist in meaning and antisemitic in effect, regardless of any individual speaker's stated intent. It

has served as a rhetorical frame amid a surge in assaults, harassment, and intimidation targeting Jews in the United States over the past two years.

8. Christian Milhoan, the Department's Manager of the Special Plates and Customer Support Section (section), testified about his involvement in reviewing the plate configuration complaints that were received by the Department and coming to the determination that the plate configuration was not appropriate. Milhoan's section was not involved in the review of appellant's application for or the issuance of the plate configuration.

Milhoan reported that, in determining whether the configuration of a license plate is appropriate, the section will review the Vehicle Code and the relevant provisions of the California Code of Regulations, and conduct research on meanings that could potentially apply to an arrangement on a license plate.

Milhoan's section received three complaints concerning the plate configuration. He explained that although the plate configuration may have different meanings to different individuals, the plate configuration has been connoted to be antisemitic and interpreted to mean the elimination of Israel or the freeing of the Palestinian State. Based on the connotation of violence or genocide, the section determined that the plate configuration was in violation of the California Code of Regulations.

9. Milhoan explained that a registered owner of a license plate may receive a renewal notice while the cancellation of the license plate is pending because there is nothing that prevents a renewal from being issued until the cancellation has occurred. Milhoan is not involved in the registration renewal process.

## Appellant's Evidence

10. Appellant did not testify at hearing. However, in a statement and in argument, appellant contends that this matter was "triggered" by complaints "rather than by any objective application of the regulation." Pointing to other configurations found on other license plates, appellant asserts that the Department is selectively enforcing the law because the configurations found on other license plates can be subjected to multiple interpretations but are still in use while her plate configuration is being recalled and cancelled. She argues that interpretations of the plate configuration are "speculative" and do "not satisfy the regulatory standard requiring that a configuration convey prohibited content."

11. Appellant further contends that the Department is inconsistent in its enforcement because it issued a renewal notice on the plate configuration while at the same time seeking its cancellation.

12. Appellant finally "reserves all arguments under the First Amendment" and "Article I, Section 2 of the California Constitution," essentially claiming that the Department is illegally basing its actions "on perceived meaning or viewpoint associated with" the plate configuration.

13. When asked about her interpretation of the plate configuration, appellant evaded and did not answer the question.

## LEGAL CONCLUSIONS

1. Vehicle Code section 5015, subdivision (b), allows the Department to cancel and order the return of any environmental license plate that is issued where the

plate contains "any combination of letters, or numbers, or both, which the [D]epartment determines carries connotations offensive to good taste and decency or which would be misleading."

2. California Code of Regulations, title 13, section 206.14, subdivision (a), provides that:

> Pursuant to Vehicle Code Section 5105, the department shall cancel and order the return of any environmental license plate previously issued which contains any configuration of letters and/or numbers which the department later determines does not comply with the requirements of Section 206.02(c)(4)(A)-(F).
>
> The department shall base this determination on the criteria specified in Section 206.02(c)(4).

3. California Code of Regulations, title 13, section 206.02, subdivision (c)(4), requires the Department to "refuse any configuration that would be misleading, or the following:"

> (A) The configuration has a sexual or scatological meaning.
>
> (B) The configuration is an expletive or term considered profane or obscene.
>
> (C) The configuration has conveys [*sic*] any kind of message related to the following characteristics of a group of people: race, ethnic or national origin, color, religion, disability, sexual orientation, or gender identity.

(D) The configuration contains fighting words, or refers to illegal or violent acts, including, but not limited to criminal gang affiliation or activity, weapons, genocide, or creates a risk of inciting violence.

(E) The configuration misrepresents an association with government or a law enforcement through any combination of letters or numbers which indicate an affiliation to an agency or to an office or position, including, but not limited to an elected office, employment as a police officer, firefighter, emergency medical technician, paramedic or first responder.

(F) The configuration is a non-English or slang word or term or is a phonetic spelling or mirror image of a word or term falling into the categories described in subsections (A) through (E) above.

4. While appellant argues that the interpretation of the plate configuration is "speculative," appellant does not actually contend that the interpretation is incorrect. (Factual Findings 6–8, 10.) Nor has appellant offered any alternative explanations. (Factual Finding 13.) Thus, the plate configuration can and does connote and/or refer to "genocide[] or creates a risk of inciting violence," which is a violation of California Code of Regulations, title 13, section 206.02, subdivision (c)(4)(D).

5. To the extent appellant asserts that respondent's actions violate her First Amendment rights and/or the California Constitution, that argument is rejected. Respondent is not preventing appellant's expression of a specific viewpoint or opinion

but is "simply limit[ing] to a slight degree the combination of letters and numbers one may choose as a vehicle identification symbol." (*Kahn v. Dept. of Motor Vehicles* (1993) 16 Cal.App.4th 159, 167.) Appellant is "free to express the same sentiment on her vehicle using a bumper sticker, license plate holder or similar medium; she simply cannot continue to do so via the license plate itself." (*Id.* at p. 168 [citing *Katz v. Dept. of Motor Vehicles* (1973) 32 Cal.App.3d 679, 682].)

6. Because the plate configuration violates California Code of Regulations, title 13, section 206.02, subdivision (c)(4), and otherwise carries "connotations offensive to good taste and decency," respondent was within its authority to recall the plate configuration pursuant to Vehicle Code section 5015, subdivision (b).

**ORDER**

1. Appellant Iasmine Abdennabi's appeal is denied.

2. The cancellation and recall of environmental license plate configuration "RVRTSEA" by respondent Department of Motor Vehicles is affirmed.

DATE: 05/26/2026

Mario Choi (May 26, 2026 12:38:05 PDT)

MARIO M. CHOI

Administrative Law Judge

Office of Administrative Hearings

STATE OF CALIFORNIA
DMV
DEPARTMENT OF MOTOR VEHICLES
*A Public Service Agency*

## STATEMENT TO RESPONDENT DECISION

There is attached hereto a copy of the Decision filed with the Department of Motor Vehicles and which has been served on you.

Your appeal rights are as follows:

☐ Pursuant to *California Government Code* §11520, you may submit a written motion requesting the Default Decision be vacated. The motion must state the reasons why good cause exists to vacate the decision. **The motion must be addressed to the Department's Legal Office at the address set forth at the bottom of the page and must be received on or before XXXXXXX.**

☒ You may file a Petition for Reconsideration of the Decision pursuant to *California Government Code* §11521. **The petition must be addressed to the Department's Legal Office at the address set forth at the bottom of the page and must be received on or before 9/16/2026.**

**Please note**: Pursuant to *California Government Code* §11521, the Department's power to grant your petition also expires on the date listed above. This date is **not** automatically extended by your mailing, or the Department's receipt of, your petition. Please take this into consideration when considering the timing of any filing.

☐ Pursuant to *California Vehicle Code* §3052, on or before the 10th day after the last day on which reconsideration of a final Decision of the Department can be ordered, you may file an appeal with the New Motor Vehicle Board.

☒ Pursuant to *California Government Code* §11523, judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the *California Code of Civil Procedure*. **Except as provided below, any such petition shall be filed on or before 10/15/2026.** Where petitioner, within 10 days after the effective date of the Decision, requests the Department to prepare all or any part of the record, the time within which a petition may be filed shall be extended until 30 days after its delivery to petitioner. The Department may file with the court the original of any document in the record in lieu of a copy thereof.

Motions Requesting Vacation of a Default Decision and/or Petitions for Reconsideration of the Decision should be addressed to:

Department of Motor Vehicles
Legal Office C128
P.O. Box 932382
Sacramento, CA 94232-3820

If you desire further information, you may contact the Department's Legal Office in writing at the address above, or by telephone at (916) 657-6469.